# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 15-700V
**Filed: April 4, 2016**

| | | |
|---|---|---|
| * * * * * * * * * * * * | * | UNPUBLISHED |
| EVE DINEEN and DANIEL DINEEN, | * | |
| legal representatives of a minor child, | * | |
| E.D.D., | * | Special Master Gowen |
| Petitioners, | * | |
| | * | Interim Attorneys' Fees and Costs |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | * | |

<u>Mark T. Sadaka</u>, Mark T. Sadaka, LLC, Englewood, NJ, for petitioners.
<u>Ryan D. Pyles</u>, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On July 6, 2015, petitioners, Eve Dineen and Daniel Dineen, with the assistance of their former counsel, Mr. Martinez, filed a petition pursuant to the National Vaccine Injury Compensation Program. 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioners alleged that their minor child suffered seizures as a result of receiving a series of vaccines, including a Diptheria-Tetanus-acellular-Pertussis ("DTaP") vaccine, on July 24, 2012. Petition at ¶ 3, 7.

On March 3, 2016, Mr. Martinez filed a motion for interim attorneys' fees and costs in the amount of $25,310.00 as the petitioners were seeking new counsel and he intended to withdraw as counsel of record. *See* Motion for Interim Attorneys' Fees and Costs ("Motion") at 1, filed Mar. 3, 2016. On March 18, 2016, attorney Mark Sadaka was substituted as petitioners' attorney of

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

1

record. Thereafter, on March 21, 2016, respondent filed a response in opposition to petitioners' request for interim attorneys' fees and costs for Mr. Martinez.

For the reasons set forth below, the undersigned awards petitioners a total of **$15,216.00** for interim attorneys' fees and costs for attorney Martin Martinez.

## I. Procedural History

As required by Vaccine Rule 2(c)(2)(A), petitioners are expected to file medical records along with a petition for compensation. The petition was filed on July 6, 2015 without medical records, as such, petitioners' former counsel, Mr. Martinez, was ordered to file the records by July 31, 2015. On August 1, 2015, after the imposed deadline had passed, counsel filed a motion for an extension of thirty days to file the medical records, which was granted. On August 13, 2015, counsel filed medical records as exhibits 1 through 5, but did not file a Statement of Completion indicating that the medical records were complete. Approximately two months thereafter, on October 5, 2015, respondent filed a motion to suspend the Rule 4(c) deadline because, based on a review of the record, there remained outstanding medical records necessary for adequate assessment of this case. Respondent requested several sets of medical records in her motion, which counsel was ordered to file by November 20, 2015. An initial telephonic status conference was set for November 24, 2015.

Counsel failed to file the medical records by the November 20, 2015 deadline. The status conference was held as scheduled, where respondent's counsel again indicated that his client had yet to review this case as the requested medical records were not filed. In an order issued after the status conference, counsel was reminded to comply with court deadlines or file a request for an extension of time before an impending deadline. *See* Order, docket no. 11, filed Nov. 24, 2015. Counsel was ordered to file the requested medical records and a Statement of Completion within sixty days, by January 29, 2016.

On January 28, 2016, counsel filed a motion for an additional sixty days to file the requested medical records and a Statement of Completion. In support of his motion, counsel indicated that he "ha[d] fully conferred with the petitioner's mother, Eve Dineen, regarding the concerns that the respondent listed in their request to suspend the rule 4 proceedings." *See* Motion for Extension, docket no. 12, filed Jan. 28, 2016. Counsel further stated that "[t]he issues raised by the respondent have not yet been finalized." *Id.* Counsel's motion for an extension of time was granted in part, and counsel was admonished to give adequate attention to his cases. Specifically, the undersigned noted the following:

> I have reviewed the record of the proceedings thus far and the respondent's request for medical records. The number and volume of records requested does not appear to be very large. A review of these proceedings gives the impression that petitioners' counsel does not pay any attention to this case before an impending deadline approaches, at which time it becomes necessary to request another sixty day extension. I share the Chief Special Master's concern that counsel is not giving adequate attention to the cases that he is attempting to handle in this Court. In light of this concern, I will grant a thirty day extension, **until Monday, February 29,**

2

**2016**, for the filing of the requested records and any others outstanding, along with a Statement of Completion. **No additional extensions will be granted**.

Scheduling Order, docket no. 13, filed Jan. 29, 2016 (emphasis in original).

Thereafter, counsel filed exhibits 6 through 9 on February 10, 2016 and a Statement of Completion on February 24, 2016. On February 25, 2016, counsel filed a motion to issue a subpoena for medical records to American Medical Response. This motion included a declaration on counsel's efforts towards obtaining those records and a memorandum on points and authorities related to discovery in the Vaccine Program. The motion to issue a subpoena was granted.

On March 3, 2016, counsel filed a request for interim attorneys' fees and costs in the amount of $25,310.00 as the petitioners intended to proceed with new counsel. Respondent filed a response in opposition to counsel's request, stating that (1) petitioners had not established that this case had a reasonable basis in fact for proceeding; (2) even if this claim had a reasonable basis, an award of interim fees at this time was not appropriate under these circumstances; and (3) the amount that Mr. Martinez had charged in fees was unreasonable, especially considering the meager process achieved in this case to date. *See* Response to Motion for Interim Payment of Attorney's Fees ("Response") at 1, filed Mar. 21, 2016. Petitioners' did not file a reply to respondent's response.

This motion is now ripe for a decision.

## II. Discussion

The Vaccine Act permits an award of reasonable attorneys' fees and costs under 42 U.S.C. section 300aa-15(e). Additionally, interim fee awards are permissible under the Act. *See Avera* v. *Sec'y of HHS*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *see also Shaw v. Sec'y of HHS*, 609 F.3d 1372 (Fed. Cir. 2010). When a petitioner has yet to prove entitlement, a special master "may award an amount of compensation" for reasonable attorneys' fees and costs "if the special master . . . determines that the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa-15(e)(1)(B); *Sebelius v. Cloer*, 133 S. Ct. 1886, 1893 (2013).

"Good faith" is a subjective standard and petitioners are entitled to a presumption of good faith. *Hamrick v. Sec'y of HHS*, No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007); *Grice v. Sec'y of HHS*, 36 Fed. Cl. 114, 121 (1996). Conversely, "reasonable basis" is an "objective consideration determined by the totality of the circumstances." *McKellar v. Sec'y of HHS*, 101 Fed. Cl. 297, 303 (2011); *Chuisano v. U.S.*, 116 Fed. Cl. 276, 286 (2014). In determining a reasonable basis, the Court looks "not at the likelihood of success [of a claim] but more to the feasibility of the claim." *Turner v. Sec'y of HHS*, No. 99-544V, 2007 WL 4410030, at *6 (Fed. Cl. Spec. Mstr. Nov. 30, 2007) (citing *Di Roma v. Sec'y of HHS*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). Factors to be considered include the factual basis of the claim, medical support, and the circumstances under which a petition is filed. *Turner*, 2007 WL 4410030, at *6 - *9.

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Special masters are permitted to reduce the claimed number of hours to a reasonable number by means of a bulk reduction and are not required to assess fee petitions line-by-line. *Wasson v. Sec'y of HHS*, 24 Cl.Ct. 482, 484 (1991). Just as "[t]rial court courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton v. Sec'y of HHS*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (citing *Farrar v. Sec'y of HHS,* 1992 WL 336502 at * 2 - *3 (Cl. Ct. Spec. Mstr. Nov. 2, 1992)).

    a.  **Good Faith and Reasonable Basis for the Claim**

Here, the undersigned finds that the petition was brought in good faith and with a reasonable basis for the claim. The medical records show that the minor child received DTaP, Hepatitis A, and Hepatitis B vaccinations on July 24, 2012, suffered a seizure ten days later, on August 3, 2012, and thereafter suffered additional seizures. *See* Petitioners' Exhibit ("Pet. Ex.") 2, 4 at 1. The medical records also note that the child had not had similar seizure symptoms prior to the episode on August 3, 2012. *See* Pet. Ex. 4 at 8. While petitioners have not provided sufficient evidence to prove entitlement to compensation, the temporal association of the events and the fact that the child had not experienced similar events prior to his vaccinations, does provide a reasonable basis for filing the claim.

    b.  **Reasonable Attorneys' Fees and Costs**

Petitioners requested $25,235.00 in attorneys' fees for Mr. Martinez, as compensation for 72.1 hours of work at a rate of $350.00 an hour. The undersigned has reviewed the fee application. For an attorney having approximately thirty-five years of experience as a licensed attorney, the requested hourly rate is reasonable and consistent with *McCulloch v. Sec'y of HHS*, No. 09-293, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). However, the undersigned finds that a forty percent reduction of the number of hours billed is reasonable here, for the reason previously expressed to counsel regarding his attentiveness to court imposed deadlines, and also because the overall amount of time billed is excessive, and at times unnecessary, in light of the progress of the case thus far. For example, counsel billed 5.5 hours to prepare a subpoena for medical records, along with a declaration, and a memorandum on discovery in the Vaccine Program. As an attorney experienced in the Program, much less time should have been spent on this filing as similar requests for medical records are routinely granted upon a simple motion without an accompanying declaration and memorandum. Additionally, it has taken approximately seven months to file medical records which are not particularly voluminous, the petition for compensation is fairly bare-bones, and the case has not proceeded past the initial filing stage in the eight months since it was filed solely because the medical records have not been available for respondent's review. These considerations warrant a downward adjustment of the number of hours

4

billed. It is reasonable in this case to award attorneys' fees at $350.00 an hour for 43.26 hours of work.

Petitioners have also requested reimbursement of $75.00 in costs incurred by Mr. Martinez for hiring a process server, and reimbursement of $400.00 in costs they personally incurred to pay the filing fee for the petition. The undersigned finds that the costs incurred by counsel, $75.00, is reasonable. Petitioners are not awarded $400.00 to reimburse the fee associated with filing this petition as the petitioners' are still proceeding with their claim with new counsel and thus a return of the filing fee is not appropriate at this stage of the proceedings. Petitioners may renew their request for reimbursement of the filing fee when they file an application for final attorneys' fees and costs.

In summary, petitioners' are awarded $15,141.00 for interim attorneys' fees and $75.00 for interim costs.

### III. Conclusion

The undersigned awards attorneys' fees and costs as follows:

**(1) A lump sum of $15,216.00 in the form of a check payable jointly to petitioners and petitioners' attorney, Martin Martinez of the Martinez Law Office, for interim attorneys' fees and costs pursuant to 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment forthwith.[2]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.