# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: October 29, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| EVE DINEEN and DANIEL DINEEN, *as legal representatives of a minor child,* E.D.D., | * * * * | UNPUBLISHED |
| | * | No. 15-700V |
| Petitioners, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * | Attorneys' Fees and Costs; Interim Award; Adjustment of Attorney's Rate. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Mark T. Sadaka, Mark T. Sadaka LLC, Englewood, NJ, for petitioners.
Ryan D. Pyles, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On September 30, 2019, Eve Dineen and Daniel Dineen ("petitioners") filed a motion for interim attorneys' fees and costs. **I hereby GRANT the motion and award $44,385.94 in interim attorneys' fees and costs.**

### I. Procedural History

On July 6, 2015, petitioners filed this claim in the National Vaccine Injury Compensation Program. Petition (ECF No. 1).[2] Petitioners allege that their minor child E.D.D. developed a seizure disorder as a result of receiving measles, mumps, and rubella ("MMR"), diphtheria-

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

tetanus-acellular pertussis ("DTaP"), and Hepatitis B vaccines on July 24, 2012. *Id.* Petitioners were assisted by their former counsel, Mr. Martin Martinez, in filing the petition. I then granted Mr. Martinez's motion to withdraw from the claim and awarded him interim attorneys' fees and costs in the amount of $15,216.00. *See Dineen v. Sec'y of Health & Human Servs.*, No. 15-700V, 2016 WL 1627199 (Fed. Cl. Spec. Mstr. April 4, 2016).

Since March 2016, petitioners have been represented by their current attorney of record, Mr. Sadaka. In April 2016, respondent filed a Rule 4(c) report in which respondent recommended against compensation. Resp. Rep't (ECF No. 29). In July 2016, petitioners filed updated medical records. Pet. Exs. 10-12 (ECF No. 35). After receiving several extensions of time, in December 2016, petitioners filed the first expert reports from Dr. Vera Byers and Dr. Marcel Kinsbourne. Pet. Ex. 13 (ECF No. 43); Pet. Ex. 14 (ECF No. 44). Respondent received several extensions of time before filing initial expert reports from Dr. Stephen J. McGeady and Dr. Shlomo Shinnar in March 2017. Resp. Exs. A, B (ECF No. 51). On April 27, 2017, I held a Rule 5 status conference during which I posed numerous questions for supplemental expert reports. Scheduling Order filed May 1, 2017 (ECF No. 53).

In June 2017, petitioners filed Dr. Byers's second report, Pet. Ex. 27 (ECF No. 57), and Dr. Kinsbourne's second report, Pet. Ex. 51 (ECF No. 57). In August 2017, respondent filed Dr. McGeady's second report. Resp. Ex. E (ECF No. 61). After several extensions of time, respondent filed Dr. Shinnar's responsive report. Resp. Ex. F (ECF No. 67). On January 9, 2018, I held a status conference to discuss those supplemental expert reports. I stated that both parties carried litigative risk and should pursue informal resolution. An entitlement hearing could not be scheduled for over two years. Scheduling Order filed January 10, 2018 (ECF No. 69).

Petitioners conveyed a demand to respondent. Pet. Status Report filed February 5, 2018 (ECF No. 70). Respondent requested that petitioners provide updated information about E.D.D.'s condition, most particularly neurology records and/or primary care records documenting any symptomatology from epilepsy. Resp. Status Report filed March 7, 2018 (ECF No. 71). Petitioners filed updated medical and school records. Pet. Exs. 42-44. Ultimately, respondent declined to support settlement negotiations in the case. Joint Status Report filed August 20, 2018 (ECF No. 80). I placed the case on a list of future entitlement hearings to be scheduled. Scheduling Order filed August 27, 2018 (ECF No. 81).

Approximately one year later, I scheduled a status conference to revisit the case. Petitioners then filed a motion for interim attorneys' fees and costs. This is the second such motion in the case, but the first for Mr. Sadaka, their attorney of record since March 2016. Second Motion for Interim Attorneys' Fees and Costs ("Second Int. Fee App.") filed September 30, 2019 (ECF No. 82). Mr. Sadaka requests $27,666.82 in attorneys' fees and $16,720.72 in attorneys' costs, for a total interim request of $44,387.53. Second Int. Fee App., Tab 1 at 15-17.

On October 7, 2019, I held the previously-scheduled status conference in this case. It was confirmed that E.D.D.'s health is stable and that respondent has declined to support settlement discussions. I reserved January 2021 for a two-day entitlement hearing in the case. I ordered the parties to identify a mutually agreeable location and dates by November 7, 2019.

2

Scheduling Order filed October 8, 2019 (ECF No. 83).

On October 10, 2019, respondent filed a response (ECF No. 84). Respondent "defer[red] "to the Special Master as to whether petitioners have made a special showing to justify an award of interim attorneys' fees and costs under the particular circumstances of this case." *Id.* at 2. "Should the Special Master find that petitioners are eligible for an award of interim attorneys' fees and costs, respondent respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. On October 15, 2019, petitioners filed a reply (ECF No. 77). This matter is now ripe for adjudication.

## II.  Entitlement to Attorneys' Fees and Costs

### A.  Legal Standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation. §15(e)(1)(A)-(B). Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought." § 15(e)(1). The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012). In light of the lack of specific objections from respondent and my full review of the evidence, I find that this claim was filed with and has maintained good faith and reasonable basis to date.

### B.  Interim Awards

The Vaccine Act permits interim attorneys' fees and costs. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375. In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352. I do not routinely grant interim fee applications. I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000. If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application. I evaluate each one on its own merits.

In this case, the first interim award was to prior counsel. Mr. Sadaka has been the attorney of record for over three years. In that time, he has obtained additional medical records, retained two experts, and made a concerted but unsuccessful effort to settle the case. He has incurred fees and costs surpassing the thresholds identified above. He will likely incur

additional fees and costs related to the entitlement hearing expected to take place in January 2021. Accordingly, I find that an interim fee award is appropriate at this time.

## III. Reasonable Attorneys' Fees and Costs

### A. Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### B. Hourly Rates

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates. The Attorneys Forum Hourly Rate Fee Schedules for 2015-2016, 2017, 2018, and 2019 can be accessed online.[3] Here, Mr. Sadaka has billed $362.95 per hour for work performed in 2016; $376.38 in 2017; $396.00 in 2018; and $406.00 in 2019. Pet. Int. App. at 2. These rates are generally reasonable and consistent with the rates

---

[3] United States Court of Federal Claims – OSM Attorneys' Forum Hourly Rate Fee Schedules, available at http://www.cofc.uscourts.gov/node/2914 (last accessed on October 29, 2019).

awarded to him in other cases. However, he has generally been held to $405.00 per hour for work performed in 2019, consistent with the OSM Fee Schedule for attorneys within his category of experience for that year. *See, e.g., Edwards v. Sec'y of Health & Human Servs.*, No. 15-668V, 2019 WL 4911060 at *2, n. 4 (Fed. Cl. Spec. Mstr. Sept. 27, 2019). I will similarly award him $405.00 per hour, **resulting in a reduction of $1.60.** Pet. Int. App., Tab 1 at 23-24. No further adjustments are necessary to the rates requested for Mr. Sadaka (or the paralegals who entered time on this case).

### C. Hours Expended

As previously noted, a line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

The present interim fee application is adequately detailed. The tasks described and the number of hours are generally reasonable. I do not find cause for adjustment. Accordingly, petitioners are awarded **$27,665.22 in interim attorneys' fees.**

### D. Costs

Like attorneys' fees, costs incurred - by counsel or petitioners themselves - must be reasonable to be reimbursed by the Program. *Perreira*, 27 Fed. Cl. 29, 34. Here, petitioners request $16,720.72 in interim attorneys' costs. These include the costs of obtaining medical records and postage and a $2,000.00 retainer paid to Dr. Marcel Kinsbourne. Most significant is Dr. Vera Byers's invoice for $14,400.00 (representing 36 hours of work to date, at $400.00 per hour). The costs are adequately documented and reasonable based on my knowledge of the case. **Therefore, petitioners are awarded $16,720.72 in interim attorneys' costs.**

## IV. Conclusion

In accordance with the foregoing, petitioners' motion for *interim* attorneys' fees and costs is **GRANTED**. I award the following reasonable interim attorneys' fees and costs at this time:

| | |
|---|---|
| Interim Attorneys' Fees Requested: | $ 27,666.82 |
| *Reduction to Mr. Sadaka's 2019 Rate:* | - $     1.60 |
| **Interim Attorneys' Fees Awarded:** | **$ 27,665.22** |
| **Interim Attorneys' Costs Awarded:** | **$16,720.72** |
| **Interim Attorneys' Fees and Costs Awarded:** | **$44,385.94** |

Accordingly, I award the following:

1) **A lump sum in the amount of $44,385.94, representing reimbursement for *interim* attorneys' fees and costs, in the form of a check payable jointly to petitioners and their counsel, Mark T. Sadaka.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[4]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).