# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 2, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| EVE DINEEN and DANIEL DINEEN, *as legal representatives of a minor child,* E.D.D., | * * * * | UNPUBLISHED |
| | * | No. 15-700V |
| Petitioners, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * | Motion for Decision Dismissing Claim; Measles-Mumps-Rubella (MMR); |
| | * | Diphtheria-Tetanus-acellular Pertussis |
| Respondent. | * | (DTaP); Hepatitis B (Hep B); Seizure |
| | * | Disorder. |
| * * * * * * * * * * * * | | |

*Mark T. Sadaka*, Mark T. Sadaka LLC, Englewood, NJ, for petitioners.
*Ryan D. Pyles*, United States Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On July 6, 2015, Eve Dineen and Daniel Dineen, as legal representatives of a minor child E.D.D. ("petitioners"), filed a petition in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioners alleged that E.D.D. developed a seizure disorder as a result of receiving measles, mumps, and rubella ("MMR"), diphtheria-tetanus-acellular pertussis ("DTaP"), and Hepatitis B ("Hep B") vaccinations on July 24, 2012. *Id.* The information in the record, does not establish entitlement to compensation.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On October 30, 2020, petitioners filed a motion for a decision dismissing the petition. Petitioners' Motion ("Pet. Mot.") (ECF No. 103). Petitioners understand that a decision dismissing their petition will result in a judgment against them. *Id.* at 1. They have been advised that such a judgment will end all of their rights in the Vaccine Program. *Id.* Petitioners understand that they may apply for fees and costs once their case is dismissed and judgment is entered against them. *Id.* at ¶ 4. Petitioners' counsel has contacted respondent's counsel regarding respondent's position on this motion and understands that respondent expressly reserves the right, pursuant to 42 U.S.C. § 300aa-15(e), to question the good faith and reasonable basis of the claim and to oppose, if appropriate, the application for fees and costs. *Id.* Respondent otherwise does not oppose this motion. *Id.* Petitioners do intend to protect their rights to file a civil action in the future. *Id.* at 2. Therefore, pursuant to 42 U.S.C. § 300aa-21(a)(2), they intend to elect to reject the Vaccine Program judgment against them and elect to file a civil action. *Id.*

To receive compensation in the Vaccine Program, a petitioner has the burden of proving either: (1) a "Table Injury," i.e., an injury beginning within a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table (a "Table injury") or (2) an injury that was caused-in-fact by a covered vaccine. 42 U.S.C. §§ 300aa-13(a)(1)(A); 11(c)(1). Here, an examination of the record does not contain persuasive evidence that E.D.D. suffered a "Table Injury". Thus, petitioners are limited to alleging causation-in-fact. The record does not contain persuasive evidence that E.D.D.'s injury was caused in fact or in any way related to the vaccines which he received.

**Thus, petitioners' motion is GRANTED. This matter is DISMISSED for insufficient proof. The Clerk of the Court shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).