# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: February 25, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| EVE DINEEN and DANIEL | * | |
| DINEEN, *as legal representatives of a* | * | UNPUBLISHED |
| *minor child,* E.D.D., | * | |
| | * | No. 15-700V |
| Petitioners, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | | |

*Mark T. Sadaka*, Mark T. Sadaka LLC, Englewood, NJ, for petitioners.
*Ryan D. Pyles*, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 6, 2015, Eve Dineen and Daniel Dineen, as legal representatives of a minor child E.D.D. ("petitioners"), filed a motion for final attorneys' fees and costs. Motion for Attorneys' Fees and Costs ("Fees App.") (ECF No. 94). For the reasons discussed below, I **GRANT** petitioner's motion and find that a reasonable final award of attorneys' fees and costs is **$22,790.30.**

### I. Procedural History

On July 6, 2015, petitioners filed their claim in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioners alleged that E.D.D. developed a

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the decision will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012)

seizure disorder as a result of receiving measles, mumps, and rubella ("MMR"), diphtheria-tetanus-acellular pertussis ("DTaP"), and Hepatitis B ("Hep B") vaccinations on July 24, 2012. *Id.* Two prior decisions outline the intervening procedural history. First, on April 4, 2016, I granted petitioners' original attorney of record Mr. Martin J. Martinez's motion for interim attorneys' fees and costs, in the amount of $15,216.00. 1st Int. Fee App. (ECF No. 26). Subsequently on October 29, 2019, I awarded petitioners' current attorney, Mr. Sadaka, interim attorneys' fees and costs in the amount of $44,385.94. 2nd Int. Fee App. (ECF No. 86).

As noted in the second interim fees decision, this case was scheduled for an entitlement hearing to take place in January 2021. *See also* Hearing Order (ECF No. 94). In June 2020, I convened a status conference to revisit the case. I advised that petitioners should refine and clarify certain issues, particularly relating to the opinion of their expert immunologist Dr. Byers. Petitioners were also directed to file updated medical records. *See* Scheduling Order (ECF No. 96). On July 23, 2020, petitioners advised that a different immunologist had reviewed the case and had expressed interest in drafting a supportive expert report. Pet. Status Report (ECF No. 97). I ordered petitioners to file any such report within 45 days, by September 11, 2020, and for respondent to file any responsive report within 45 days thereafter, in light of the proximity to the entitlement hearing scheduled for January 2021. Scheduling Order (ECF No. 98). Petitioners did not file an expert report. Instead, they requested and were granted additional time to determine how to proceed. Ultimately, on October 30, 2020, petitioners filed a motion for a decision dismissing the petition (ECF No. 103), which I issued that same day (ECF No. 104).

On November 30, 2020, petitioners filed the instant motion. Petitioners request $6,315.30 in final attorneys' fees and $16,475.00 in final attorneys' costs, for a total request of $22,790.30. Fees App. – Attachment 1 at 5. On December 11, 2020, respondent filed a response which provides that respondent "did have concerns about the reasonableness of this case"[3], but respondent recognizes that I have previously awarded interim attorneys' fees and costs. Resp. Response (ECF No. 108) at 2. Respondent does not challenge reasonable basis for this claim generally or since the prior interim awards. *Id.* Respondent respectfully requests that if the Court "determines that additional fees and costs are appropriate here", that the Court should "determine a reasonable award for attorneys' fees and costs." *Id.* at 3. On December 24, 2020, petitioners filed a reply which reiterates the request for relief in their motion and does not provide any additional information. Pet. Reply (ECF No. 109). On February 23, 2021, petitioners filed their signed statement that they have not incurred any fees or costs related to the

---

(Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

[3] Upon review of the docket, it is true that when petitioners' original counsel sought the first award of interim attorneys' fees and costs, respondent contended that the claim lacked reasonable basis because the record did not appear to be complete and petitioners had not yet filed an expert report. Resp. Response to 1st Int. Fee App. (ECF No. 25). In granting the award, I reasoned that petitioners had not yet provided sufficient evidence to prove entitlement to compensation, but had provided enough to establish reasonable basis. 1st Int. Fee App. Decision (ECF No. 26) at 4. Afterwards, petitioners did file the additional records requested by respondent (ECF No. 35) as well as the reports of two experts, Drs. Byers and Kinsbourne. When petitioners sought a second interim award in 2019, respondent did not object to reasonable basis, *see* Resp. Response to 2nd Int. Fee App. (ECF No. 84). Neither has he done so here.

prosecution of the petition, in accordance with General Order #9.  Statement (ECF No. 111).  The matter is now ripe for adjudication.

## II. Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis.  § 300aa–15(e)(1).  In this case, I previously held that the claim possessed these attributes, which justified two interim awards.  This final motion largely relates to Dr. Kinsbourne's expert opinion, which supported initially scheduling the case for a hearing (although that was ultimately dismissed), and counsel's work bringing the case to a conclusion.  Accordingly, a final award of attorneys' fees and costs is proper.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993).  Adequate proof of the claimed fees and costs should be presented when the motion is filed.  *Id.* at 484 n. 1.  The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent.  *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (2008).

### A. Attorneys' Fees

Petitioners request that their attorney Mr. Sadaka receive an hourly rate of $405.00 for work performed in 2019 and $422.00 for work performed in 2020.  Fees App. – Attachment 1 at 5.  Petitioners request that one paralegal, Ms. Michele Curry, receive an hourly rate of $156.00 for work performed in 2019 and $163.00 for work performed in 2020.  *Id.*  Mr. Sadaka submitted a statement elaborating on his own and Ms. Curry's qualifications.  Fees App. at 4-6.  My independent review has confirmed that these rates have been awarded consistently within the Vaccine Program.  I agree that they are reasonable for the work at issue here.

The final fee application is for work expended from September 2019 until the case was dismissed in November 2020.  Fees App. – Attachment 1.  The entries are not duplicative of the prior interim fee applications.  The billing entries sufficiently describe the tasks performed and the length of time involved.  Moreover, respondent has not identified any particular entries as being objectionable.  **Therefore, petitioners are awarded final attorneys' fees in the amount of $6,315.30.**

### B. Attorneys' Costs

With regard to final attorneys' costs, petitioners request reimbursement for payment to their expert neurologist Marcel Kinsbourne, M.D., who reviewed the case and prepared two reports supporting vaccine causation.  The second interim fee award included the $2,000.00 retainer to Dr. Kinsbourne.  Here, petitioners request the balance of $16,475.00.  Fees App. – Attachment 2.  Based on my prior review of Dr. Kinsbourne's reports and the adequately detailed billing

3

...

statement, I find that this cost is reasonable.  **Petitioners are awarded final attorneys' costs in the amount of $16,475.00.**

### III.  Conclusion

**Accordingly, I award a lump sum in the amount of $22,790.30, representing reimbursement for petitioners' final attorneys' fees and costs, in the form of a check payable to petitioners and their attorney Mark T. Sadaka.[4]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against at client, "advanced costs," and fees for legal services rendered.  Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).